## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES W. SAYERS,<br>                    Appellant, | DOCKET NUMBER<br>NY-0752-16-0277-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>                    Agency. | DATE: October 19, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James W. Sayers, Saranac, New York, pro se.

Michael R. Salvon, Esquire, Windsor, Connecticut, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown for the delay.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    Effective September 11, 2015, the agency removed the appellant from Federal service based on nine specifications of unacceptable conduct.  Initial Appeal File (IAF), Tab 14 at 15-18.  In its decision letter, the agency advised the appellant that he had a right to file a Board appeal concerning his removal and advised him of the proper filing deadlines.  *Id.* at 17.  The agency also informed him that, if he failed to file a Board appeal within the applicable time limit, he would have no further right of appeal before the Board.  *Id.*

¶3    On July 20, 2016, the appellant filed an appeal of his removal.  IAF, Tab 1.  Because the appeal appeared to be untimely filed, the administrative judge issued an order advising the appellant that he had the burden of proof on timeliness and ordering him to file evidence and argument establishing that either his appeal was timely filed or that good cause existed for the delay.  IAF, Tab 10.  In response to the timeliness order, the appellant stated that he filed his appeal after the deadline because his union representative wrongly advised him that he could file either a grievance or a Board appeal—but not both—and that he filed a grievance with the agency.  IAF, Tab 19 at 3.

¶4       In an initial decision based on the written record, the administrative judge dismissed the appeal as untimely filed without good cause shown for the delay. IAF, Tab 23, Initial Decision (ID). He found that the appellant timely grieved his removal through a negotiated grievance procedure, that the matter was later referred for arbitration under that procedure, and that the arbitrator issued a 29-page award denying the grievance. ID at 2. He also found that, even though the effective date of the appellant's removal was September 11, 2015, the agency kept him in a pay status until October 15, 2015, and placed him in a leave-without-pay status until the arbitrator issued a decision on June 29, 2016. ID at 3. The administrative judge therefore concluded that, even assuming that the removal was effective October 15, 2015, rather than September 11, 2015, the appellant filed his appeal over 8 months late. *Id.*

¶5       Concerning good cause, the administrative judge observed that the agency's decision letter properly notified the appellant of the time limit for filing a Board appeal. ID at 4. He also found it well settled that U.S. Postal Service employees can file both a grievance and a Board appeal concerning the same action and that, even if his union representative had misinformed him of his appeal rights, the appellant is responsible for the actions of his union official. ID at 5. He also found that no one from the agency ever misinformed the appellant about his rights. *Id.* The administrative judge therefore concluded that the appellant failed to raise a nonfrivolous allegation establishing good cause for his excessive delay in filing his Board appeal. *Id.*

¶6       The appellant has filed a petition for review of the initial decision, and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 3. On review, the appellant does not challenge the administrative judge's findings that he filed his appeal more than 8 months after the filing deadline and that he failed to make a nonfrivolous allegation that good cause existed for the

excessive delay in filing. We discern no basis to disturb these findings and, accordingly, affirm the initial decision.[2]

¶7     The appellant states that he would like the Board to review the initial decision because the administrative judge incorrectly claimed that he did not have the right to overrule an arbitrator's decision. PFR File, Tab 1 at 3. In support of his argument, he attaches a printout from the "Frequently Asked Questions" section of the Board's e-Appeal online site, which states that, in certain circumstances, appellants who are members of a bargaining unit may appeal an arbitrator's decision to the Board. *Id.* at 4. Because the administrative judge dismissed the appeal on timeliness grounds, however, he did not reach the issue of the Board's jurisdiction to review the arbitrator's decision. Moreover, the same printout advises that a "preference eligible Postal Service employee [such as the appellant] can file both a grievance and a Board appeal from the same action, but does not have a right of Board review of an arbitration decision." *Id.*

¶8     The appellant additionally argues that the arbitrator's decision was "sexist," and that the arbitrator based his decision on "feelings and not facts." PFR File, Tab 1 at 3. These arguments, however, are not relevant to determining whether the appellant timely filed his removal appeal or whether good cause exists for the delay. *See Marasco v. U.S. Postal Service*, 66 M.S.P.R. 555, 558 (1995) (finding that the appellant's arguments regarding the merits of the underlying action were not relevant to the timeliness issue). Because these arguments are not relevant to the timeliness issue, and because the appellant has otherwise failed to set forth

---

[2] The Board has viewed the removal of a U.S. Postal Service employee who is retained on the agency's rolls in a nonpay status until the final disposition of a grievance as being constructively removed on the effective date contained in the agency's decision letter, rather than on the date when the employee eventually is separated from the rolls. *Hopkins v. U.S. Postal Service*, 108 M.S.P.R. 25, ¶ 9 (2008). Therefore, we agree with the administrative judge's implied determination that the 30-day time period to file his removal appeal did not commence on the date the agency ultimately separated the appellant from its rolls.

any argument to establish good cause for his excessive filing delay, we find no basis to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.